# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GORDON HUYSER, Individually and as Representative of the Estate of Nancy Gwen Huyser, Deceased | § § § § | |
| v. | § § | Case No. 2:13-CV-280-RSP |
| FORD MOTOR COMPANY | § § | |

## MEMORANDUM ORDER

Currently before the Court are the following motions: (1) Defendant Ford Motor Company's Motion For Partial Summary Judgment and Objection to the Admissibility of Expert Testimony on "Safer Alternative Design" (Dkt. No. 78)[1]; (2) Defendant Ford Motor Company's Motion to Exclude the Testimony of Joseph Burton (Dkt. No. 80); (3) Defendant Ford Motor Company's Motion to Exclude, Or Alternatively, Motion in Limine No. 1 Respecting Evidence of the PN-96 (Ford-150) and IIHS Testing (Dkt. No. 139); (4) Defendant Ford Motor Company's Motion to Exclude, Or Alternatively, Motion in Limine No. 2 Respecting Documents and Testimony Regarding the P-221 and U-222/U-228 (Dkt. No. 140). For the reasons that follow, each motion is DENIED.

**Defendant's Motion for Partial Summary Judgment:**

The gist of the motion is that the design defect claim, the sole remaining claim, requires proof of a "safer alternative design" under Texas law, and that Plaintiff has no admissible expert testimony on that element. Ford contends that Huyser's expert testimony on that element is inadmissible because it is based on incomplete data leaving an "analytical gap" that is only

---

[1] Ford Motor Company's Motion for Leave to Supplement Legal Memoranda in Support of Docket Entry #78 (Dkt. No. 131) is **GRANTED.**

bridged by the *ipse dixit* of the expert.  More specifically, Ford contends that Huyser's witnesses failed to conduct instrumented crash dummy testing, like Ford did, and that the computer simulation conducted by Huyser's expert, James Mundo, did not include a steering wheel and occupant.

Ford relies in part on the recent decision of the Fifth Circuit Court of Appeals in *Casey v. Toyota Motor Engineering & Manufacturing North America, Inc.,* 770 F.3d 322 (5th Cir. 2014), which affirmed the district court's grant of a judgment as a matter of law on a design defect claim after a trial on the merits.  The Court stated that "Texas law expects that an alternative design be tested before a jury can reasonably conclude that the alternative would prevent or reduce the risk of injury." *Id.* at 332.  In *Casey*, the plaintiff relied upon a patent application as proof of a safer alternative design and the expert performed no testing, instead relying upon the testing recited in the application.  In this case, however, Huyser's expert has done testing.  Ford simply argues that Mr. Mondo's computer simulation is insufficient.   That is a disputed issue of fact that must be decided by the jury, or by the Court after trial.  Finding that there are material disputes of fact, the motion is **DENIED.**

**Defendant's Motion to Exclude the Testimony of Joseph Burton:**

Ford moves to exclude the testimony of Plaintiff's forensic pathologist, Dr. Joseph Burton, under *Daubert.*  Plaintiff relies upon the testimony of Mr. Mundo, referred to above, to prove that a safer alternative design existed for the frame of the Plaintiff's Ford vehicle, which would have substantially reduced intrusion into the occupant compartment in a frontal offset collision.  Dr. Burton's testimony is relied upon to prove that the reduced intrusion would have caused the decedent's injuries to be "significantly less severe, less wide spread, and non life-threatening."

Ford argues in this motion that Dr. Burton relies upon guesses and speculation to support his opinion. Ford relies upon the fact that Dr. Burton bases his opinion on test results involving different, but arguably similar, vehicles and components. Whether those differences are so great as to render the opinions unreliable is hotly disputed. The real issue is not about the methodology employed by Dr. Burton but rather the sufficiency of his data. This is an issue for trial. Accordingly, the motion is **DENIED.**

**Motion in Limine No. 1 regarding the PN-96 (Ford-150) and IIHS Testing:**

While the Huyser vehicle involved in this case was a 1999 Ford Expedition, Huyser's experts rely in part upon an Insurance Institute for Highway Safety (IIHS) crash test of a 2001 Ford F-150 pick-up truck (PN-96 platform). While admitting that "the 1999 Expedition and the PN-96 have similar structural features," Ford contends that there are critical differences that render that reliance improper. On this basis, Ford moves to exclude all evidence of the IIHS testing.

Plaintiff responds that it will not argue to the jury that the IIHS PN-96 testing is a reenactment of the Huyser crash. Rather it takes the position that the IIHS crash test results closely resemble the results of the Huyser crash, and that safer alternative design identified by Huyser was applied to the PN-96 when it was redesigned as the 2004 F-150 (P-221 platform). Subsequent IIHS testing of the P-221 platform showed great improvement in occupant safety over the PN-96 testing, allowing Huyser's experts to opine that the same improvement would have occurred with the Expedition if it had been designed with the safer alternative. Neither Ford nor the IIHS tested the Expedition platform, so Plaintiff contends that it is entitled to rely upon the best available evidence, the PN-96 and P-221 testing.

The critical issue on this motion is whether the admitted differences between the different vehicle platforms would so affect the test results as to make them impossible to reliably compare. Plaintiff has presented well qualified experts who have employed seemingly appropriate methodology. This is a question of fact that cannot be resolved on this record. The issue will be put to the jury in the form of a question as to whether Huyser has carried the burden of proof on the design defect. The motion to exclude the evidence is **DENIED.**

**Motion in Limine No. 2 Regarding the P-221 and U-222/U-228:**

While filed as a separate motion, this motion involves the closely related issue of whether the testing of the P-221 platform, which is the successor to the PN-96 platform discussed above, should be admitted. For the reasons noted above, the evidence is relevant. Ford goes on to challenge its admissibility also under Rule 407, which governs subsequent remedial measures. By its terms, Rule 407 applies to measures "taken that would have made an earlier injury or harm less likely to occur." Since this injury occurred in 2011, long after the 2004 changes were made, the accident was not an "earlier injury." Ford argues that the policy underlying the rule should lead to exclusion of the evidence anyway.

The Fifth Circuit Court of Appeals provided guidance on this issue in its 2006 opinion in *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006). "By definition, the rule excludes only post-accident remedial measures, so to the extent the district court excluded evidence of design changes or investigations that started before the June 2001 … that was error." *Id.* at 429-30. The Court also noted that "The admission of evidence of changes made merely to improve a product, as distinguished from remedial measures that make an 'injury or harm less likely to occur,' is not barred by the rule." *Id.* at 428. Ford represents that the 2004 redesign was made because it "periodically redesigns vehicles and endeavors to incorporate new technologies

and improve performance," rather than to prevent injuries such as this. (Dkt. No. 140 at 6). However, the primary reason not to exclude the evidence under Rule 407 is that Huyser does not seek to introduce this evidence to show that Ford would not have made the redesign if the original design was not defective, but rather to show that the "safer alternative design" would have prevented Mrs. Huyser's death. Ford agrees that Huyser is required under Texas law to show a safer alternative design, and to prove that it would have avoided or lessened the injury. It is because the testing of the redesign is relevant to this issue, that plaintiff is permitted to offer it. Rule 407 also allows evidence of subsequent remedial measures if they are relevant to feasibility, and it is not clear that Ford is not challenging the feasibility of the safer alternative design proposed by Huyser at the time the 1999 Expedition was manufactured.

Accordingly, the motion to exclude the evidence is **DENIED**.

**SIGNED this 21st day of January, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE